LOTTINGER, Judge.
This litigation arises out of an automobile accident which occurred in the Parish ■of Terrebonne, State of Louisiana, on December 29, 1960, between a vehicle belonging to plaintiff-appellant’s assured, Jeff Thomas, and a vehicle belonging to defendant-appellee, Columbus Williams. The evidence disclosed that the accident was a rear ■end collision in which appellee’s automobile struck the rear end of the automobile belonging to and driven by appellant’s assured. The record discloses that the accident occurred at night during rainy, misty weather in a curve at a spot where the right lane of traffic approaching the City of Houma from the South was covered with mud from a -nearby construction job. Both vehicles were in their proper lane and facing in the ■direction of Houma.
According to appellee, just before the accident, he had come out of a side street named King Street, onto the highway and bad travelled some distance thereon when approaching the vicinity of a filling station situated in the curve, his lights picked up the Thomas vehicle which was without lights and parked upon the highway. He testified that upon seeing the Thomas vehicle, he immediately applied his brakes but was unable to avoid skidding into the rear of the Thomas car. He estimated his speed at between 25 and 30 miles per hour as he had to turn off at the next block in order to go to his home.
The testimony of the defendant-appellee is corroborated by that of Lillian Matthews, who was standing on the side of the road and saw the accident take place. This witness stated unequivocally that she was walking in the direction of Houma and saw the Thomas vehicle stopped on the highway without lights.
The testimony of Jeff Thomas is to the effect that at the time of the collision, he was moving in his lane of traffic with his lights on. He is corroborated to some extent by the testimony of Herbert Williams who was standing on the roadside at the time and who stated that he saw one front light on the left side. On cross-examination, however, this witness testified that he did not know whether or not the back lights were on. The preponderance of the evidence indicates that Jeff Thomas was without tail lights.
The issue presented is purely a factual one. The Judge of the District Court, considering all the evidence and having visited the scene of the accident in the presence of counsel and some of the witnesses decided that the accident was due to the negligence of both drivers. Counsel for appellant argue that the defendant’s failure to call Herbert Williams should justify the application of the presumption that this witness’s testimony would have been unfavorable to defendant. While it is true that the defendant did not call this witness, there is no need whatever to apply the presumption as the witness was called by appellant and did testify unfavorably to *110 appellee. As stated before, the issue is factual and as we find no manifest error in the conclusions of the Trial Judge, the judgment appealed from is affirmed.
Judgment affirmed.